UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BOBBY MALBREAUGH** | **CIVIL ACTION NO. 3:11-cv-1251** |
| **LA. DOC #308194** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN, WINN CORRECTIONS** | |
| **CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Bobby Malbreaugh filed a handwritten pleading in this Court on June 21, 2011. Malbreaugh is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Corrections Center. In the pleading filed on June 21 Malbreaugh alleged that on June 3, 2008, he was convicted of two counts of simple burglary and sentenced to concurrent sentences of 12 years by Louisiana's Third Judicial District Court, Lincoln Parish. According to the sentencing minutes provided by Malbreaugh, his Louisiana sentences were to run concurrently "with any time he is currently serving in federal custody on a federal charge."[1] Since his pleading implied that he was unlawfully imprisoned by the State of Louisiana, it was construed as a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 and on July 18, 2011, Malbreaugh was ordered to submit his pleading on the form provided to State prisoners seeking *habeas corpus* relief pursuant to Section 2254 and to either pay the appropriate filing fee or submit a properly executed application to proceed in forma pauperis all within 30 days of the date of the

---

[1] The records of the United States District Court for the Middle District of Louisiana reflect that Malbreaugh was convicted of conspiracy to defraud the United States and unlawful transportation of firearms on May 15, 2007, and thereafter, on April 3, 2008, he was sentenced to concurrent sentences of 240 months. *United States v. Bobby George Malbreaugh*, No. 3:06-cr-0041 at Docs. 57, 63, and 64.

order. [See Doc. 3] More than 30 days have elapsed and Malbreaugh has not submitted the appropriate forms nor has he paid the filing fee.

## *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Malbreaugh has failed to comply with an order directing him to file his pleading on the appropriate form and to either pay the filing fee or seek in forma pauperis status. This failure on his part warrants dismissal without prejudice.

It is unclear whether dismissal at this time will prejudice Malbreaux; indeed, it is unclear whether he has stated a claim for which relief may be granted. Nevertheless, it is possible that dismissal without prejudice at this juncture will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." See *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused

by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*. In any event, the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, Malbreaugh has ignored the order directing him to amend his pleading and to pay the appropriate filing fee. He has not contacted the court since June 21, 2011 when he filed his "petition." Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, August 25, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

3